**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 17-2262-STA-egb** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INITIAL COMPLAINT**

Before the Court is Defendant CSX Transportation, Inc.'s Motion to Dismiss (ECF No. 8) filed on May 15, 2017. Defendant's Motion seeks the dismissal of Plaintiff James Parker's initial Complaint. On May 31, 2017, Plaintiff filed an Amended Complaint (ECF No. 11). It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[1] Courts in this Circuit routinely deny motions to dismiss a complaint as moot after a plaintiff subsequently files an amended complaint.[2] In this case Defendant's initial Motion to Dismiss is directed at Plaintiff's opening Complaint. In light of the fact that Plaintiff has now filed an Amended Complaint, the original Complaint is, strictly speaking, a nullity. Therefore, Defendant's Motion to Dismiss the initial Complaint is **DENIED** as moot and without prejudice to raise any issue argued in the Motion to Dismiss in a subsequent dispositive motion.

---

[1] *Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citation omitted).

[2] *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Am. Nat'l Prop. & Cas. Co. v. Stutte*, 298 F.R.D. 376, 380 (E.D. Tenn. 2014); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 948 (M.D. Tenn. 2012); *Ellis v. Kaye-Kibbey*, 581 F. Supp. 2d 861 (W.D. Mich. 2008).

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 2, 2017