# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAMES PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-2262-STA-egb |
| CSX TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE, GRANTING PLAINTIFF'S MOTION TO AMEND, AND GRANTING DEFENDANT'S MOTION FOR EXTENSION

Before the Court is Defendant CSX Transportation, Inc.'s Motion to Strike (ECF No. 14) and Plaintiff James Parker's Motion for Leave to Amend (ECF No. 15), both filed on June 6, 2017. Defendant has responded in opposition to Plaintiff's Motion, and the parties' briefing is now complete.

Plaintiff initiated this action on April 17, 2017, alleging claims for injuries Plaintiff allegedly sustained as a result of being struck by a train operated by Defendant. Plaintiff served Defendant with the Complaint on April 24, 2017, and Defendant filed a Rule 12(b)(6) motion to dismiss the initial Complaint on May 15, 2017. Plaintiff responded to the Rule 12(b)(6) motion by filing a First Amended Complaint (ECF No. 11) on May 31, 2017. As a result of Plaintiff amending his pleadings, the Court denied Defendant's motion to dismiss as moot.

On June 5, 2017, Plaintiff filed a Second Amended Complaint (ECF No. 13). Defendant's Motion to Strike followed. Defendant argues that Plaintiff has already amended his pleadings once as a matter of right by filing his First Amended Complaint. Rule 15 of the

1

Federal Rules of Civil Procedure requires that Plaintiff first seek leave of court or Defendant's consent before filing yet another amended pleading. Plaintiff failed to do so. Defendant explains by way of background that counsel for Defendant wrote a Rule 11 letter to counsel for Plaintiff upon the filing of the First Amended Complaint and asserted that the First Amended Complaint contained allegations which were inconsistent with the facts of the case. Plaintiff responded by filing his Second Amended Complaint. Therefore, the Court should strike Plaintiff's Second Amended Complaint. Defendant further requests that the Court stay Defendant's deadline for filing a responsive pleading until the Court has ruled on the Motion to Strike.

Plaintiff has responded in opposition to the Motion to Strike and made his own Motion for Leave to Amend. Plaintiff claims that counsel filed the Second Amended Complaint out of an abundance of caution to avoid any violation of Rule 11. Plaintiff now seeks leave to file the Second Amended Complaint and cites for support Rule 15's liberal standard for amendments. Defendant has filed a separate response in opposition to Plaintiff's Motion to Amend. Defendant argues that Plaintiff failed to take appropriate steps to cure the Rule 11 issues in the First Amended Complaint. For example, Plaintiff could have filed a motion to amend prior to filing the new pleading. Defendant asks the Court to reject Plaintiff's request for retroactive leave to amend.

Defendant further contends that Plaintiff's First Amended Complaint pleaded facts to avoid the issues raised in Defendant's Rule 12(b)(6) motion and in doing so included some of the misrepresentations identified by Defendant in its Rule 11 letter to Plaintiff. Plaintiff's removal of those misrepresentations in another amended pleading will only compel Defendant to file another Rule 12(b)(6) addressed to the same defects. Defendant further argues that the Second

2

Amended Complaint is still subject to dismissal for the same reasons stated in Defendant's previous motion to dismiss. Therefore, the Court should hold that Plaintiff's proposed amendment would be futile.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings only with the opposing party's written consent or the court's leave and "that leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Servicing*, LLC, 608 F. App'x 328, 330-31 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). The Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted). In the final analysis, Rule 15(a)(2) does "not displace the reasoned discretion—the judgment—of district courts to say enough is enough." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 777 (6th Cir. 2016).

## ANALYSIS

The Court will grant Plaintiff leave to amend his pleadings. As an initial matter, the Court would stress that Plaintiff has not followed the proper procedure for amending pleadings.

Rule 15(a)(2) allows a party to amend its pleadings but only with leave of court or the consent of the opposing party. Despite the Federal Rules of Civil Procedure's "liberal amendment policy," Rule 15(a)(2) does not grant a plaintiff "unbridled authority to amend the complaint." *Springs v. U.S. Dept. of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014). In this case Plaintiff should have promptly filed a motion to correct his pleadings as soon as Plaintiff became aware of the need to amend them. Rather than taking this simple step, Plaintiff filed his Second Amended Complaint without leave of the Court and without obtaining the Defendant's consent. Plaintiff's failure to follow the correct procedure has resulted in Defendant's Motion to Strike and Plaintiff's late-filed motion for leave to amend.

Despite Plaintiff's failure to comply with the Federal Rules of Civil Procedure, the Court finds cause to allow the amended filing to stand. At this early stage of the case, the Court has not yet entered a scheduling order and not established a deadline for amending the pleadings. Fed. R. Civ. P. 16(b)(3)(A) (requiring a court to include a deadline for amending the pleadings in a Rule 16(b) case management order). The Court also credits Plaintiff's explanation that he filed the Second Amended Complaint to avoid any potential violation of Rule 11. A plaintiff "is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Shirvell v. Gordon*, 602 F. App'x 601, 605 (6th Cir. 2015) (quoting *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996) (quoting Herron, 858 F.2d at 335). Rule 15's liberal policy of permitting amendments together with Plaintiff's Rule 11 duties justifies the filing of the Second Amended Complaint.

Defendant argues that the Court should deny leave to amend because Plaintiff's amendments have not cured the defects in his pleadings and the Second Amended Complaint

would otherwise be futile.  Defendant does not actually develop the specifics of this argument but refers back to its motion to dismiss the initial Complaint.  The Court denied the motion to dismiss without prejudice once Plaintiff filed his First Amended Complaint.  As such, Plaintiff has not actually briefed the issues in the motion to dismiss.  Under the circumstances, the Court prefers to address the legal merits of Plaintiff's pleadings with the benefit of a fully briefed Rule 12 motion.  For these reasons, Plaintiff's Motion to Amend is **GRANTED**, and Defendant's Motion to Strike is **DENIED.**  Defendant will have 14 days from the entry of this order in which to file its responsive pleading.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 30, 2017.